FILED
UNITED STATES DISTRICT COURT
SANTA FE, NEW MEXICO

JUN  9 2023

MITCHELL R. ELFERS
CLERK

United States District Court of New Mexico

Case #: unassigned at this time  CV 23-501

THE PLAINTIFF IS REQUESTING THAT ALL RECORDS OF THIS FILING BE SEALED FROM PUBLIC VIEW PER THE PRIVACY ACT OF 1972 AS TO PROTECT THE PRIVACY OF ALL NAMED DEFENDANTS, WITNESSES, AND ANY OTHER INVOLVED PARTIES.

THE PLAINTIFF IS REQUESTING A PRO BONO ATTORNEY(S) BE RECOMMENDED AND ASSIGNED

Bracken ProSe
VS.
Santa Fe Police Department

Albertsons (United Division)

List of witnesses to the effect of inherently improper behaviors;

Chief Paul Joye (being called upon to explain his intentional violations of the 1983 Statutes, the American with Disabilities Act Statute, the participation of 9-42.000 violations, and his lackadaisical attitude and approach to residents and visitors of the State of New Mexico. It is recommended that the aforementioned individual, and other mentioned individuals, in this section of this article, immediately be terminated from their position.

Michael Prinz, former City Attorney for the City of Santa Fe, (though his name still appears via the telephone system at City Hall), Mr. Prinz can explain why he failed toe return communication in regards to the matters. Let alone attempt to resolve the 242 USC 1983, 42 USC 1983, 9-42.000, violatins. And there to date has been no accountability of the officers, whom violated constitutional rights, 4th and 14th amendments, nor any attempt to find informal resolution.

AN AMENDED WITNESS LIST AND SERVICE TO WITNESSES WILL BE SUBMITTED WITHIN 30 DAYS FROM 06/09/2023 —

Nathan Metheny IT Specialist Santa Fe Institute 'll(being called upon to verify that the body cam footage given to the plaintiff was edited in length, as this is his area of expertise)

Ryan Rhoades (being called upon to testify that the plaintiff has sought counseling through life long friends as a homeopathic approach)

Rockford Mobley (being called upon to testify that the plaintiff has sought counseling through life long friends as a homeopathic approach)

Lorraine Smith (being called upon to testify that the plaintiff has sought counseling through life long friends as a homeopathic approach)

PLAINTIFF'S SHOW OF CAUSE

The plaintiff was wrongfully detained and illegally kept from leaving the scene, and when the Plaintiff ProSe requested due diligence, correct discretion, and asserted that the officers, had been lied to by Albertson's employees about the situation. Absolutely no regard was shown by the responding officers. Therefore affording multiple constitutional rights violations and violations of the U.S.C 1983

All of the listed defendants and witnesses should be investigated for conspiracy to commit cover up and governmental fraud, and any applicable charges shall be instated.

Listed below are case law citations defining the need for this suit to move forth. As is also a monetary demand, as there has been no amicable resolution through several attempts of informal resolution.

U.S. vs. Sease "police gang activity"

US v. Ponce Munoz, 2001

People v. Ray, 1988

Miranda v. Arizona, 384 U. S. 436 (1966),

Miller v. U.S.

Wright v. Ohio "nonconsensual search and seizure"

State v. Scanly, State v. Polak, State v. Casas "warrantless and non consensual search"

Nelson v. State "detained illegally and unconstitutionally"

DeLon v. State, Luna-Martinez v. State, Irl v. State, "The court must further determine whether police conduct would have communicated to a reasonable person that he or she was not free to decline the request (or otherwise terminate the encounter), and whether the accused was in a vulnerable subjective state, or exposed to subtly coercive police questioning."

McDonnell vs. State, "he/she is a suspect in criminal investigation"

"Misstatements of the law"

Ultimately, the New Mexico court found this conduct, combined with the late hour and the isolated location, would have caused a reasonable person to feel compelled to stop and unable to leave.

- in State v. Williams, 2013

The United States Supreme Court has articulated three factors for assessing attenuation between the unconstitutional police conduct and the evidence offered by the State: "(1) the amount of time that elapsed between the illegality and the acquisition of evidence;(2) any intervening circumstances; and (3) the purpose and the flagrancy of the police misconduct."

- in State v. Tapia, 2015

two officers on patrol observed the defendant riding a bike on a road near a secured area around 2: 30 am The officers decided to see where he was headed, so they pulled their police car up next to him.

- in State v. Murry, 2013

court expressly declines to follow Jones and, instead, holds that officers' discovery of outstanding arrest warrant insufficient to rescue search when individual had been unconstitutionally detained

- in State v. Moralez, 2010

Likewise, Defendant's mere association with a convicted felon like Horton, who was under surveillance in an ongoing drug investigation, was insufficient to create reasonable suspicion of Defendant, especially where as here, Officer LaSalle did not even know the identities of the two men when he observed them.

- in State v. Neal, 2007

Therefore, our first task in determining whether Sergeant Taylor seized Defendant in violation of the Fourth Amendment is to resolve at what point the seizure occurred.

- in State v. Leatherman, 2012

deciding that a suspect had not submitted to the show of authority when a uniformed officer ordered the suspect not to move and he responded by running

- in State v. Talley, 2008

After providing the officers with the name of the car's owner, Moralez remained in the area, although it is unclear whether he remained on his own accord or at the direction of the officers.

- in State v. Moralez, 2013

Many other citations can be quoted, this matter needs to be addressed woth an assigned court date, IMMEDIATELY.

42 USC 1983;

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress

applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

242 USC 1983

"makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States."

Part II
The following demand is against the The City of Santa Fe Police Department and any affiliated services.

Monetary demand in the amount of $1,175,000.00
As the fruition of this case grows, so will the need for class action suit, as for the requested monetary demand is to be set aside for other victims. As there are many other individuals who have been wrongfully had illegal interactions with officers of tge Santa Fe Police Department, who have violated the 4th and 14th Amendments and the 1983 Statutes, and the Privacy Act of 1972, protected rights and attributes.

The plaintiff would also respectfully request for the case to be sealed from public knowledge and view. Per reasons of privacy of all participants as the fruition of these matters set forth shall prevail.

The plaintiff would also request assignment of court appointed counsel or recommendation of pro bono counsel to be given, as the plaintiff's legal knowledge is limited, though the plaintiff has an integrity that seems almost lost in today's society.

There are many officer training techniques that can be redesigned from matters of this regard. Retraining, coaching, and consultation can be applicable to the situational awareness that the officers lacked.

The plaintiff is requesting electronic and telephonic communication in regards to this case, be granted due to personal financial circumstances.

Respectfully submitted,

Corey L. Bracken
Plaintiff ProSe
06/09/2023

702.408.7881