IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

COREY L. BRACKEN

       Plaintiff,

v.                                                              No. 1:23-cv-00501-KWR-JFR

SANTA FE POLICE DEPARTMENT, and
ALBERTSONS (UNITED DIVISION),

       Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, filed a complaint which contains various requests. *See* Complaint, Doc. 1, filed June 9, 2023. Plaintiff named two Defendants: (i) Santa Fe Police Department; and (ii) Albertsons (United Division). *See* Complaint at 1. The Complaint contains a list of witnesses, refers to witness "Chief Paul Joye (being called to explain his intentional violations of" various statutes and witness Michael Prinz, former City Attorney for the City of Santa Fe regarding "the officers" who violated Plaintiff's constitutional rights, and the following allegations:

> The plaintiff was wrongfully detained and illegally kept from leaving the scen, and when the Plaintiff ProSe requested due diligence, correct discretion, and asserted that the officers, had been lied to by Albertson's employees about the situation. Absolutely no regard was shown by the responding officers. Therefore affording multiple constitutional rights violations and violations of the U.S.C 1983.

Complaint at 1-2.

United States Magistrate Judge John F. Robbenhaar notified Plaintiff that:

> The Complaint fails to state a claim against the Santa Fe Police Department because it is not a separate suable entity. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d

> 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).
>
> The Complaint fails to state a claim against Defendant Albertsons.  The only factual allegation regarding Defendant Albertsons states that the police officers "had been lied to by Albertson's employees about the situation" resulting in "multiple constitutional rights violations and violations of the U.S.C 1983." Complaint at 2.  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).  There are no factual allegations that Albertsons deprived Plaintiff of a right secured by federal law or that Albertsons was acting under color of state law.
>
> To the extent Plaintiff is asserting claims against individual Santa Fe Police Officers, the Complaint fails to state a claim.  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  There are no factual allegations explaining what each officer did to Plaintiff, when each officer did it, how each officer harmed Plaintiff, and what specific legal right Plaintiff believes each officer violated.

Order at 3-4, 8, Doc. 4, filed June 12, 2023 (ordering Plaintiff to file an amended complaint).

Judge Robbenhaar also: (i) denied Plaintiff's request for telephonic notification of filings and notified Plaintiff he may file a motion for permission to file documents and receive notification electronically via CM/ECF; (ii) notified Plaintiff he has not set forth any interest to justify depriving the public of access to the records in this case, ordered Plaintiff to show cause why the Court should grant Plaintiff's request to restrict the public's access to the documents filed in this case and notified Plaintiff that failure to show cause may result in documents being available to the public; and (iii) notified Plaintiff that civil litigants have no right to counsel, denied Plaintiff's request for appointment of counsel and referred Plaintiff to the District of New Mexico's Guide for Pro Se Litigants which lists resources for legal representation.  *See* Order at 1-2, 5-8.

Plaintiff subsequently filed a Motion which is in large part identical to his original Complaint. *See* Doc. 5, filed June 27, 2023 (naming Santa Fe Police Department and Albertsons as Defendants in the caption, listing witnesses and asking the Court to seal the case, appoint counsel and provide telephonic notification). The Court construes the Motion as Plaintiff's Amended Complaint because: (i) it alleges violations of constitutional rights; (ii) it contains a demand of the relief sought; and (iii) Plaintiff has not filed any other document that could be construed as an amended complaint by the July 3, 2023, deadline. *See* Doc. 5 at 3, 6 ("Amended Complaint").

The factual allegations in the Amended Complaint are identical to those in the original Complaint:

> The plaintiff was wrongfully detained and illegally kept from leaving the scene, and when the Plaintiff ProSe requested due diligence, correct discretion, and asserted that the officers, had been lied to by Albertson's employees about the situation. Absolutely no regard was shown by the responding officers. Therefore affording multiple constitutional rights violations and violations of the U.S.C[.]1983.

Amended Complaint at 3.

The Court dismisses this case because the Amended Complaint fails to state a claim for the same reasons set forth in Judge Robbenhaar's Order regarding the original Complaint.

The Court denies Plaintiff's Motion to seal the case because Plaintiff has not set forth any interest to justify depriving the public of access to the records in this case.

The Court denies Plaintiff's Motion to appoint counsel and provide telephonic notification and denies Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed June 9, 2023, because the Court is dismissing this case.

**IT IS ORDERED** that:

(i) This case is **DISMISSED WITHOUT PREJUDICE.**

(ii)    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed June 9, 2023, is **DENIED.**

(iii)   Plaintiff's Motion to seal the case, appoint counsel and for telephonic notification, Doc. 5, filed June 27, 2023, is **DENIED.**

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**